TRIVELLA & FORTE, LLP
*Attorneys for Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, BENNY UMBRA, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS F. CORBETT as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

CV 13-2670

**Civil Action No.:**

Plaintiffs,

-against-

J.M.R. CONCRETE CORP.,

Defendant.
---------------------------------------------------------------x

## COMPLAINT

Plaintiffs, THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, BENNY UMBRA, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS F. CORBETT, as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, (collectively, the "Funds"), for their complaint allege as follows:

### INTRODUCTION

This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income

1

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145 and Section 301 of the LMRA, 29 U.S.C. §185(a), to collect delinquent contributions and various other sums owed by an employer to employee benefit plans.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

5. Pursuant to the terms of various collective bargaining agreements between Local 282, International Brotherhood of Teamsters ("Local 282" or the "Union") and various employers (the "Employers"), the Employers, including Defendant J.M.R. Concrete Corp. ("J.M.R." or "Employer") are required to contribute to the Funds on behalf of workers covered by the collective bargaining agreements.

6.  The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.

7.  The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

8.  Upon information and belief J.M.R. was and is a New York domestic business corporation and at all times relevant to this action has been located at 375 Wyandanch Avenue, North Babylon, NY 11703. J.M.R. is, and at all times relevant to this action has been, engaged in the trucking business within the State of New York. J.M.R. is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIM

The Collective Bargaining Agreement, the Trust Agreement
and the Obligation To Contribute to the Funds

9.  The Employer has at all times relevant to this action been party to a collective bargaining agreement ("CBA") with the Union.

10. At all times relevant to this action, the CBA has required the Employer to make contributions to the Funds on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

11. Along with the contributions, the Employer is also required to submit remittance reports to the Funds. The remittance reports provide the Employer's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment.

12. The CBA provides that the Employer is bound to the Trust Agreement.

13. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment; (iii) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

Unpaid Contributions

14. Article IX Section 1(e) of the Trust Agreement provides in relevant part that "in the event the Employer fails to submit the required reports ... within twenty (20) days after written demand, the Trustees, or their agents, may compute the sum due for any month by adding 10 percent to the number of hours for the months in which the largest number of hours were reported in the previous twelve (12) months or fifty two (52) weeks (or any combination thereof) for which reports reflecting at least one hour of covered work performed were submitted by the Employer (hereinafter referred to as the base month). The event there was an audit disclosing unreported hours for the base month, the amount of said unreported hours plus 10 percent thereof shall be added to arrive at the total hours. The total number of hours for the unreported period as determined aforesaid shall be multiplied by the current contribution rate, and the amount of contributions so computed shall be binding on the Employer and shall be deemed the amount due from the Employer for the purpose of any legal proceeding. . . ."

15. Since September 2011, the Employer has failed to submit remittance reports and contribute to the Funds the contributions that are due and owing.

16. Due demand has been made for the missing reports and to date the reports have not been submitted.

17. Upon information and belief additional reports and amounts will become due and owing during the pendency of this litigation.

Amounts Due on Contributions Paid Late

18. The Employer paid contributions late for the periods of April 2011 through August 2011.

19. Article IX, Section 3 of the Trust Agreement provides that the failure to promptly remit contributions due constitutes a violation of the CBA and Trust Agreement. Article IX, Section 3 further provides that in such instance, the Employer is obligated to remit interest, liquidated damages, and attorneys' fees and costs.

20. Due demand has been made by the Funds' counsel for payment from the Employer for interest, liquidated damages, and attorneys' fees and costs due on the late contributions.

21. To date, the Employer has failed to pay the interest, liquidated damages, and attorney's fees and costs due on the late contributions.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "21" as if fully set forth herein.

23. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. "

24. The Employer's failure to pay contributions, interest, liquidated damages, and attorneys' fees and costs owing to the Funds and to submit remittance reports violates the CBA and the Trust Agreement which is incorporated into the CBA, and thus gives rise to an action under ERISA Section 515.

25. Section 502(g)(2) of ERISA, 29 U.S.C. §1 132(g)(2), mandates that in any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,

(a) the unpaid contributions,

(b) interest on the unpaid contributions,

(c) an amount equal to the greater of

(i) interest on the unpaid contributions or;

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],

(d) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(e) such other legal or equitable relief as the court deems appropriate,

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.

26. The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "26" as if fully set forth herein.

28. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

29. By failing to pay the contributions and other amounts owing, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

30. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. Ordering the Employer to submit remittance reports for any months for which such reports have not been submitted as of the date judgment is entered; and

2. Ordering the Employer to pay to the Funds (i) all delinquent contributions owed, including any delinquencies that accrued during the pendency of this action; (ii) interest on all delinquent and late-paid contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment; (iii) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) 20 percent of the delinquent contributions; and (iv) the Funds' attorneys' fees and costs; and

3. Ordering Employer to pay (i) estimated contributions in an amount computed under Article IX, sections 1(e) and/or 1(f) of the Trust Agreement for the period from September 2011 through date of judgment, (ii) interest on the estimated contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated

damages of 20 percent of the unpaid contributions, and (iv) the costs incurred in estimating the amounts due;

    4.    Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: White Plains, New York
        April 30, 2013

                          Yours, etc.,
                          TRIVELLA & FORTE, LLP

                          JONATHAN M. BARDAVID (JB 0072)
                          *Attorneys for Plaintiffs*
                          1311 Mamaroneck Avenue, Suite 170
                          White Plains, New York 10605
                          Tel. No.: (914) 949-9075

To:    J.M.R. CONCRETE CORP.
        375 Wyandanch Avenue
        North Babylon, NY 11703